IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PETER WHORLEY,
    Plaintiff,
    v.
KUCHERA INDUSTRIES, INC.,
KUCHERA DEFENSE SYSTEMS, INC.,
and WILLIAM KUCHERA,
    Defendants

Case No. 3:10-cv-282-KRG-KAP

PETER WHORLEY,
    Plaintiff,
    v.
KUCHERA INDUSTRIES, INC.,
KUCHERA DEFENSE SYSTEMS, INC.,
and WILLIAM KUCHERA,
    Defendants

Case No. 3:10-cv-288-KRG-KAP

## Report and Recommendation

### Recommendation

Plaintiff Whorley filed two civil complaints against the same three defendants. Defendants have pending motions to dismiss, docket no. 7 at #282, docket no. 5 at #288. Defendants' motion to dismiss should be granted.

### Report

In a civil complaint filed in 2004, <u>Whorley v. Kuchera Industries</u>, Case No. 3:04-cv-311-KRG-KAP (W.D.Pa.), Whorley alleged that in 1986 he invested $50,000 in Kuchera Industries, a fledgling business started in 1985 by Michael Kuchera and William Kuchera. William Kuchera was a long time friend; Michael Kuchera was William's uncle. According to Whorley, the money was invested pursuant to an oral contract between Whorley and William Kuchera that Whorley would be paid 3% of the annual gross sales of Kuchera

Industries, and subsequently the same percentage of the gross sales of Kuchera Defense Systems, Inc., a corporation formed in 1993 by William Kuchera and his brother Ronald Kuchera. Kuchera Industries contended that the $50,000 was a loan long since repaid. During the course of pretrial proceedings I recommended that Kuchera Defense Systems, Inc., and the individual defendants be dismissed from that case, and the Court accepted that recommendation. Then, on the eve of trial of Whorley's claim against Kuchera Industries, the parties agreed to binding, confidential, unappealable arbitration. The arbitrators found in favor of Kuchera Industries in February 2008.

At the end of 2010, two and one half years later, Whorley filed these two complaints. The first, #282, alleges that pursuant to a separate provision of the same oral contract at issue in the 2004 suit, Whorley would be paid 15% of the last year's gross sales of Kuchera Industries, if it were ever sold, and that Kuchera Industries was in fact sold in January 2010, triggering Whorley's right to payment. Whorley also claims that he is owed the same percentage of the sale price of Kuchera Industries LLC, also sold in January 2010, but it is not clear from the complaint what the relationship between the two defendants is or why Whorley contends that the alleged oral contract applies to Kuchera Industries LLC.

Defendants move to dismiss the complaint at #282. Kuchera Industries LLC raises the defense that it was formed in

2008, is a separate legal entity from Kuchera Industries, and that the allegation of a contract with Kuchera Industries does not state any claim against the LLC. Both defendants also raise the defense of res judicata and collateral estoppel (claim preclusion and issue preclusion). According to defendants, the 2004 action and the arbitration award finally adjudicated any claims Whorley might have had against them and further determined that there was no contract between Whorley and defendants.

In reply, Whorley does not explain why the LLC is liable. As for the other defenses, Whorley argues that the previous action could collaterally estop him from relitigating only those issues that were actually decided by the arbitrator, and that the issue of Kuchera Industries' liability upon sale was not at issue in the 2008 arbitration. As for claim preclusion, Whorley argues that while claim preclusion applies to claims that were or that could have been made in the 2004 action, the instant claim could not have been made until the sale of the defendants in 2010.

I leave aside any discussion of issue preclusion. I cannot discuss issue preclusion because from the arbitrators' summary award I do not know why the arbitrators ruled in favor of Kuchera Industries in 2008, whether they determined that Whorley had no contract, whether there was a contract but it was a loan, or whether they found the terms of the contract too vague to enforce. Established precedent, however, requires the dismissal

3

of #282 on the basis of claim preclusion. Whorley's view of claim preclusion is too narrow and as a practical matter would eliminate the defense entirely. Claim preclusion bars the raising in a second suit of any claim that was raised and decided on the merits in an earlier suit, but also bars any claim that could have been raised in the earlier suit. Chen v. Fairfield Township, 354 Fed. Appx. 656, 658 (3d Cir.2009), quoting CoresStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 191 (3d Cir.1999). Whorley contends that because the sale of Kuchera Industries had not taken place in 2004-08 any claim based on that sale could not have been adjudicated. That is wrong. The 2004 suit sought to adjudicate a claim that Kuchera Industries owed Whorley 3% of gross sales annually. If that suit had succeeded it would have, for instance, established in 2008 that Whorley should receive money in 2011 and 2010 based on 2010 and 2009 sales, even though those sales were equally future events. Whorley could not, in 2010, resurrect the "3% of sales claim" based on the alleged oral contract entered into in 1986 and that the arbitrators decided in 2008, simply by asserting that the revenues of 2009 and 2010 had not yet been determined. Similarly, Whorley cannot in a new complaint bring out a new provision of the alleged oral contract entered into in 1986, based on an allegation that the triggering event happened in 2010. It is not the triggering event that matters, it is whether the claims arose out of the same cause of action, that is, essentially

the same underlying events. See e.g. Moncrief v. Chase Manhattan Mortgage Corp., 275 Fed. Appx. 149, 153 (3d Cir.2008)[1]. Because both the "3% of annual sales" and "15% of last year's sales" claims arose out of the same cause of action, Whorley had to make both of the claims based on the alleged 1986 oral contract in the 2004 complaint, or not at all[2]. The precise reason for the claim preclusion doctrine is that to prevent the waste and perhaps injustice that would result from allowing a party to repeatedly file complaints alleging differing claims from the same transaction.

As for the second motion to dismiss, #288 is styled as a civil RICO suit in which Whorley claims that he is acting as a private attorney general as intended by Congress. Title 18 U.S.C.§ 1964(c) implies the concept of private attorneys general in the sense that in a RICO action a private party can move for injunctive relief, but that does not do away with the requirement of standing. To seek relief under RICO, Whorley must allege a RICO claim,

---

1. Moncrief applies Pennsylvania law. No one makes a formal choice of law argument in this matter, but all the parties were agreed in the 2004 action that Pennsylvania law applied.

2. Kuchera Industries LLC is not the same party as those sued by Whorley in 2004, so that (unless the two companies are in privity, a matter not clear on this record) one element of the defense of claim preclusion is missing. However, even if the new complaint could be amended to state a claim against Kuchera Industries, LLC, its liability can only be derivative of the liability of Kuchera Industries, Inc, and any claim against Kuchera Industries LLC would therefore be barred by claim preclusion.

including that he was injured as a result of Kuchera Industries' alleged pattern of racketeering activity. Whorley's RICO complaint must be dismissed for failure to state a claim. Whorley does not allege a pattern of racketeering activity by defendants. Whorley offers, in ¶12 of the complaint, the conclusory allegation that from 1990 until at least 2006, various persons (one of whom is named) connected with Kuchera Industries have allegedly violated federal bribery and mail fraud statutes. Whorley also at contrastingly great length and detail relates items of testimony by defendants in the 2004 suit, and then summarily alleges that defendants committed perjury by testifying falsely. Whorley also conclusorily states that a defendant obstructed justice by requesting that potential witnesses not testify in the 2008 arbitration of the 2004 suit.

While the pattern of racketeering activity that RICO claims can reach need not be extensive or complex, it must at least be the defendants' pattern. Whorley's conclusory allegations fail to state a claim for relief under Fed.R.Civ.P. 8. In <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1937, 1949-50 (2009), the Supreme Court held that:

> **First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.** *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we **"are not bound to accept as true a legal conclusion couched as a factual allegation"** (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it

does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But **where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief."** Fed. Rule Civ. Proc. 8(a)(2). (my emphasis)

Whorley offers salacious allegations of William Kuchera's alleged involvement with Whorley in a 1990 drug deal for which Whorley served 10 years in prison. The alleged events are so far beyond any statute of limitations applicable in RICO that one wonders what purpose it could have other than to vent Whorley's anger or to cause William Kuchera embarrassment. But even if pertinent and provable, that singular event plus the "threadbare recital" that it was part of a pattern of racketeering activity by defendants fails to state a claim.

More straightforwardly, Whorley's complaint[3] is deficient for the reason that Whorley does not allege that he has been injured by a pattern of racketeering activity. Whorley could not relitigate the 2004 suit by baldy alleging that William Kuchera testified falsely in it. The judgment in the 2004 suit is a final

---

3. It is not legally impermissible for Whorley in #288 to claim that Kuchera Industries profited through racketeering activity and then in #282 to claim "and I'm entitled to 15% of it." But it does raise an eyebrow as to Whorley's fitness to be the "private attorney general" to expose Kuchera Industries' alleged racketeering activity, assuming that RICO authorized such.

7

judicial determination that Whorley did not suffer any compensable injury. *A fortiori*, Whorley cannot transmute the claim that a witness in that previous suit testified falsely into a new claim of a legal injury, much less that it was part of a pattern of racketeering. If Whorley could, then every piece of litigation would be an immortal hydra-headed monster, with every losing party able to sue every adverse witness and litigant for the "injury" of testifying falsely.

Other than failing to obtain money in the 2004 suit, Whorley identifies no other injury, racketeering or otherwise, that he suffered that would differ in kind from that suffered by any member of the public. Granting standing to vindicate a generalized right of the public to enforce the law is no more persuasive in the RICO context than it is in any other: those immediately injured by any alleged racketeering activity would be the appropriate plaintiffs, and not those persons whose injuries are derivative, remote, and speculative. See City of Philadelphia v. Beretta U.S.A. Corp., 277 F.3d 415, 424-25 (3d Cir.2002)(no standing to municipality or ideological organizations to claim handgun manufacturer was a public nuisance because plaintiffs' damages, if any, were too remote). The #288 complaint should be dismissed.

If it is within the referral to me, docket no. 10 is denied. If not, I further recommend that docket no. 10, Whorley's motion to file documents from the arbitration in 2008, be denied.

Because of the defects of the complaint, the Court need not even query whether matters produced under a promise of confidentiality in the 2004 lawsuit should not continue to be afforded their promised confidentiality.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation. Under <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103 (3d Cir.2002), plaintiff is not given leave to amend his complaints because doing so would be inequitable.

DATE: July 29, 2011

Keith A. Pesto,
United States Magistrate Judge

Notice to counsel of record by ECF and by U.S. Mail to:

    Peter Whorley
    5100 Dupont Boulevard, Apt. 7L
    Ft. Lauderdale, FL 33308